SCHULT et al., etc., Respondents, v. STROTHER, Appellant.

St. Louis Court of Appeals, February 27, 1906.

**TRESPASS: Damages.** Where a landlord forcibly and without notice took possession of the premises rented to his tenant and removed therefrom and damaged the tenant's personal property, he was liable in damages to the tenant.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*C. G. Shepard* and *Brewer & Collins* for appellant.

*Faris & Oliver* for respondents.

BLAND, P. J.—Plaintiffs sued as trustees of Caruthersville Lodge No. 461, A. F. & A. M. The petition is in two counts. The first count alleges in substance that the lodge was in possession of a certain room or hall in the city of Caruthersville, which it occupied and used as a lodgeroom; that while in possession of this room, the defendant, on August 19, 1903, unlawfully, maliciously, without authority and without license, broke open the doors, inside and out, of said lodgeroom, broke and and destroyed the locks to said doors and tore up and destroyed and removed the carpets, chairs, desk and paraphernalia of the lodge and built through and across the lodgeroom divers partitions, making the room wholly unfit for use as a lodgeroom. The second count alleges in substance that when the defendant broke into and took possession of the lodgeroom he also took possession of and removed all of the lodge's furniture, paraphernalia and records from the lodgeroom and still retains them in his possession.

The answer was a general denial to both counts of the petition.

The issues were submitted to the court sitting as a jury, who, after hearing the evidence, found the issues for the plaintiffs on both counts of the petition and assessed the damages on the first count at $50 and on the second count at $100, and entered up judgment for plaintiffs against the defendant for $150. Defendant appealed.

The evidence shows that the lodgeroom was on the second floor of a building formerly owned by defendant and C. G. Shepard, and was rented to the lodge by Strother and Shepard; that Shepard afterwards conveyed his undivided interest in the building to Strother,

117 App.—5

who thereupon verbally notified the master of the lodge that he wanted to use the room occupied as a lodgeroom and requested that possession be given him. No attention seems to have been paid by the lodge or the master to this verbal request, and Strother becoming impatient entered the lodgeroom with carpenters, tore the carpet from the floor and removed it with all of the lodge furniture and other belongings into another room in the same building, where they were stored by the defendant and are yet in his possession. The evidence tends to show that $150 of damages had been done to the property by its removal and the careless manner in which it had been handled and stored by defendant.

For the defendant, the evidence tends to show that the doors of the lodgeroom were all open when he and the carpenters entered the room and that the lodge property was scattered helter-skelter over the room; that the property was all carefully removed and properly stored in an adjoining room and had not been damaged in the least by its removal and that the defendant had notified members of the lodge that the lodge could have the property at any time they might call for it.

Declarations of law were given by the court, which defendant contends were erroneous. In view of the undisputed evidence in the case, it is not worth while to spend time in examining the declarations of law given by the court. The evidence shows that the defendant, in defiance of all law, without a semblance of right, with a high hand, took forcible possession of the lodgeroom and wrongfully retained that possession; that he likewise took possession of the personal property of the lodge and has wrongfully continued to retain it in his possession. We think he may congratulate himself as very fortunate on the smallness of the damages the court assessed against him and in not assessing punitive damages for his wanton, unlawful and wrongful conduct.

The judgment is manifestly for the right party and is affirmed. *Goode* and *Nortoni, JJ.,* concur.